[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14869
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00085-JRH-BKE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


JABRIEL FITZGERALD LAKES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 10, 2014)

Before MARCUS, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Jabriel Fitzgerald Lakes appeals his 58-month sentence, imposed after pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  At the sentencing hearing, the district court enhanced Lakes' base offense level by four points pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because Lakes "used or possessed a firearm . . . in connection with another felony offense."  The district court found that, due to his prior drug convictions, Lakes's possession of 1.8 grams of marijuana at the same time as his possession of a firearm constituted "another felony offense" under the language of 21 U.S.C. § 844(a).  The court then imposed a 58-month sentence, which fell within the applicable guideline range of 57 to 71 months' imprisonment.

Lakes appeals the application of the four-point enhancement to his base offense level as substantively unreasonable, arguing that the resulting sentence is unduly harsh given the circumstances of this case.  Lakes argues that application of the enhancement "resulted in a grossly disproportional sentence in light of the actual amount of marijuana" in his possession at the time of arrest.  While Lakes concedes in his brief that his prior drug convictions would render him ineligible to receive misdemeanor treatment on the marijuana charge under 21 U.S.C. §§ 841(b)(4) and 844, he argues that an additional 20 months of imprisonment for possession of less than 2 grams of marijuana is patently unreasonable.  Under these

2

circumstances, Lakes argues that the court's consideration of the § 3553(a) factors was erroneous.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L.Ed.2d 445 (2007). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).

The party who challenges the sentence "bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (per curiam). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and

3

adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Once we determine that a sentence is procedurally sound, we then examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.*

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* §§ 3553(a)(1), (3)-(7).

At his sentencing hearing, Lakes pointed out that his applicable guideline range which would have been 37 to 46 months without the enhancement, jumped to 57 to 71 months "for such a small amount of drugs." As stated by his lawyer at sentencing: "As a practical matter I don't know that you could cover up my thumbnail with 1.8 grams of marijuana . . . I am certainly not excusing any of this stuff, but it's just a small amount that—and such a large enhancement, really, for

such a small amount of drugs." Lakes stated that he was holding the marijuana for a friend, and not for himself. Accordingly, he argued, the application of the enhancement does not serve the factors enumerated in § 3553(a).

After three prior drug convictions, Lakes was caught with a loaded firearm while in possession of three separate bags of marijuana, subjecting him to the four-level enhancement under the advisory guidelines. The record demonstrates that the district court considered the parties' arguments, the presentence investigation report, the Guidelines and the § 3553(a) factors when it pronounced its sentence. The sentence is within, and at the low end of the applicable guideline range. It is also below the statutory maximum, further lending itself to a finding of reasonableness. Thus, Lakes has not met his burden of showing that the district court abused its discretion in applying the enhancement. We affirm the district court's sentence as reasonable.

**AFFIRMED.**